1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11    UNITE HERE LOCAL 19,                        No. 1:14-cv-01136-MCE-SAB

12                 Petitioner,

13          v.                                    **MEMORANDUM AND ORDER**

14    PICAYUNE RANCHERIA OF
      CHUKCHANSI INDIANS, et al.
15
                     Respondents.
16

17

18          Through this action, Petitioner Unite Here Local 19 ("Petitioner") seeks

19    confirmation and enforcement of a labor arbitration award against Respondents

20    Picayune Rancheria of Chukchansi Indians and Chukchansi Economic Development

21    Authority (collectively, "Respondents").  Pending before the Court is Petitioner's Motion

22    for Judgment on the Pleadings (ECF No. 11).  Respondents have filed an Answer to the

23    Petition and an Opposition to Petitioner's Motion.  For the reasons that follow,

24    Petitioner's Motion for Judgment on the Pleadings is granted.[1]

25    ///

26    ///

27    _____

28          [1]  Because oral argument would not have been of material assistance, the Court ordered this
      matter submitted on the briefs.  E.D. Cal. Local Rule 230(g).

1

1

## BACKGROUND[2]

2

3        Respondent Picayune Rancheria of Chukchansi Indians (the "Tribe") is an Indian

4    tribe that owns and operates the Chukchansi Gold Resort and Casino in Madera County,

5    California (the "Casino").  The Tribe also owns Respondent Chukchansi Economic

6    Development Authority ("CEDA").

7        Through CEDA, the Tribe entered into a Collective Bargaining Agreement ("CBA")

8    with Petitioner.  The CBA contains a grievance procedure that culminates in arbitration

9    before an arbitrator of the Federal Mediation and Conciliation Service.  Pursuant to that

10   grievance procedure, the parties agreed to submit grievances over the terminations of

11   Casino employees Jarrod Woodcock and Mae Pitman to arbitration.  Arbitrator Patrick

12   Halter issued a decision on February 24, 2014, which he served on counsel for the

13   parties by email on the same day.  The arbitrator's decision concludes:

14
15
16
17
18
19
> In sum, grievants Woodcock and Pitman were suspended
> and discharged without just cause.  The remedy to cure the
> numerous violations of the CBA is reinstatement with a make
> whole remedy that includes backpay with interest, tips for
> Woodcock, restoration of seniority, contributions to
> retirement, reimbursement of health insurance premiums and
> expenses, and any other employment benefits unjustly
> denied due to their wrongful suspensions and discharges.
> Front pay is also awarded should the Tribe Employer not
> reinstate the grievants.  In other words, the Union's requested
> remedy is granted.

20   Respondents have not reinstated or paid monetary compensation to either Woodcock or

21   Pitman, and therefore have not complied with the arbitrator's decision.

22        The Petition includes accurate copies of both the CBA and the arbitrator's

23   decision.

24   ///

25   ///

26   ///

27

28

---

[2]  The following statement of facts is taken from Petitioner's Motion, which supports each factual assertion with accurate citations to both the Petition and Respondents' Answer.  See Petr's Mot. J. on the Pleadings at 2, Oct. 8, 2014, ECF No.1.

1

**STANDARDS**

2

3      **A.  Federal Court Review of an Arbitration Decision**

4          "Judicial scrutiny of an arbitrator's decision is extremely limited."  Sheet Metal

5   Workers Int'l Ass'n, Local No. 359, AFL-CIO v. Ariz. Mech. & Stainless, Inc., 863 F.2d

6   647, 653 (9th Cir. 1988).  Courts may vacate an arbitration decision if the "arbitrators

7   exceed their powers."  9 U.S.C. § 10(a)(4) (2006).  "[A]rbitrators exceed their powers . . .

8   not when they merely interpret or apply the governing law incorrectly, but when the

9   award is completely irrational, or exhibits a manifest disregard of the law."  Schoenduve

10  Corp. v. Lucent Techs., Inc., 442 F.3d 727, 731 (9th Cir. 2006) (quoting Kyocera Corp. v.

11  Prudential-Bache Trade Servs., Inc., 341 F.3d 987, 997 (9th Cir. 2003)).  Federal courts

12  are not empowered to second-guess an arbitrator's findings, and will enforce an

13  arbitration award if it represents a "plausible interpretation of the contract in the context

14  of the parties' conduct."  U.S. Life Ins. Co. v. Superior Nat'l Ins. Co., 591 F.3d 1167,

15  1177 (9th Cir. 2010) (citing Pac. Motor Trucking Co. v. Auto. Machinists Union, 702 F.2d

16  176, 177 (9th Cir. 1983) (per curiam)).  Accordingly, the Court must defer to the

17  arbitrator's decision "as long as the arbitrator . . . even arguably construed or applied the

18  contract."  Id. (quoting United Paperworkers Int'l Union, AFL-CIO v. Misco, Inc., 484 U.S.

19  29, 38 (1987)).  Conversely, an award that directly conflicts with a contract cannot be a

20  "plausible interpretation."  Pac. Motor Trucking Co., 702 F.2d at 177.

21          Thus, as long as the arbitrator's decision "draws its essence from the contract,

22  meaning that on its face it is a plausible interpretation of the contract, then the courts

23  must enforce it."  Truesdell v. S. Cal. Permanente Med. Grp., 151 F. Supp. 2d 1161,

24  1173 (C.D. Cal. 2001) (internal quotations omitted) (citing Sheet Metal Workers' Int'l

25  Ass'n Local Union No. 359 v. Madison Indus., Inc. of Ariz., 84 F.3d 1186, 1190 (9th Cir.

26  1996)).  This same deference applies to the particular remedy chosen by the arbitrator.

27  See, e.g., Ass'n of W. Pulp & Paper Workers, Local 78 v. Rexam Graphic, Inc., 221 F.3d

28  1085, 1091 (9th Cir. 2000).

1

### B.  Judgment on the Pleadings

A party may move for judgment on the pleadings after the pleadings are closed but early enough not to delay trial.  Fed. R. Civ. P. 12(c).[3]  A motion for judgment on the pleadings should be granted only if "the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law."  Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1550 (9th Cir. 1989).

### ANALYSIS

Petitioner argues that the Court should enter a judgment on the pleadings because Respondents have admitted the material facts that show Petitioner is entitled to judgment as a matter of law.[4]  Because the Petition includes both the CBA and the arbitrator's decision, the Court need not look beyond the pleadings to determine whether the arbitrator exceeded his powers.  See Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

The Court finds that the arbitrator's decision is a plausible interpretation of the CBA.  As the arbitrator explained in his opinion:

> Under the terms of the CBA, a grievance is defined as a "dispute between the Employer and the Union involving the meaning, or application of this Agreement, or the alleged violation of any provision of this Agreement by the Employer or the Union."  The parties stipulated that the issue for arbitration is whether grievants' terminations from employment at the Casino was for just cause.  In this regard, the CBA states at Section 23, Discipline and Discharge, that "[t]he Employer shall only discipline, suspend or discharge employees for reasons of just cause."
>
> The CBA does not define "just cause"; however, arbitral jurisprudence clearly embraces the view that "just cause"

---

[3]  All subsequent references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure.

[4]  Petitioner's Motion also asks that the Court, should it decline to grant judgment on the pleadings, strike seven of Respondents' affirmative defenses.  See generally Fed. R. Civ. P. 12(f). Because the Court grants judgment on the pleadings, analysis of the motion to strike is unnecessary.

4

1
2

> encompasses due process in procedure and substance including the consideration of aggravating and mitigating factors.

3
4
5
6
7
8

Pet., Exh. B at 13, July 21, 2014, ECF No. 1.  The subsequent analysis—which continued to cite and directly quote the CBA—thoroughly explained the arbitrator's conclusion that Respondents did not have just cause for terminating either Woodcock or Pitman.  Because the arbitrator's decision is not completely irrational and does not exhibit a manifest disregard of the law, the Court must enforce the arbitration award. See Schoenduve Corp., 442 F.3d at 731.

9
10
11
12
13
14
15
16
17

Moreover, the Court may reach that conclusion on Petitioner's Motion for Judgment on the Pleadings, as Respondents do not dispute that:  (1) they entered into the CBA with Petitioner, Answer at 2, Sept. 18, 2014, ECF No. 7; (2) pursuant to the CBA, they agreed to submit the grievances over the terminations of Woodcock and Pitman to arbitration, id. at 3; (3) the arbitrator issued the arbitration award attached to the Petition, id.; and (4) Respondents have neither reinstated nor paid monetary compensation to Woodcock or Pitman, and therefore have not complied with the arbitration award, id. at 3-4.  Accordingly, Petitioner has clearly established on the face of the pleadings that it is entitled to judgment as a matter of law.

18
19
20

As explained below, neither the affirmative defenses that Respondents raise in their Answer nor the arguments they raise in their Opposition to Petitioner's Motion create a material issue of fact.

21

**A.  Respondents' Affirmative Defenses**

22
23
24
25
26
27
28

The existence of affirmative defenses may preclude judgment on the pleadings. See Gen. Conference Corp. of Seventh-Day Adventists v. Seventh-Day Adventist Congregational Church, 887 F.2d 228, 230 (9th Cir. 1989) (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1368 (1969)).  However, Respondents' affirmative defenses raise only questions of law, which do not preclude judgment on the pleadings.  See 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1367 (3d ed. 2004) ("The motion for a judgment on the

1  pleadings only has utility when all material allegations of fact are admitted or not

2  controverted in the pleadings and only questions of law remain to be decided by the

3  district court."); see also Westport Ins. Corp. v. N. Cal. Relief, ___ F. Supp. 3d ___,

4  No. 3:14-cv-00312-CRB, 2014 WL 7185480, at *9 (N.D. Cal. Dec. 16, 2014) (finding

5  defendant's affirmative defenses failed to create a material issue of fact and therefore

6  did not preclude judgment on the pleadings).

7  **1. Respondents' First Affirmative Defense**

8  Respondents' first affirmative defense is that the Petition fails to state a claim

9  upon which relief can be granted.  But the Petition clearly states that Petitioner seeks

10  confirmation and enforcement of the arbitration award.  This Court has the authority to

11  grant relief on that claim, "[a]s section 301 of the Labor Management Relations Act

12  authorizes the district courts to enforce or vacate an arbitration award entered pursuant

13  to a collective bargaining agreement."  Sheet Metal Workers' Int'l Ass'n, 84 F.3d at 1190

14  (citing 29 U.S.C. § 185(a)).

15  Respondents maintain that the Labor Management Relations Act ("LMRA") does

16  not apply to them because the statute does not expressly abrogate tribal sovereignty.[5]

17  This Court, however, need not determine whether the statute abrogates sovereignty, as

18  Respondents have waived their sovereign immunity and consented to be sued in federal

19  court.  See Okla. Tax Comm'n v. Citizen Band Potawatomi Indian Tribe of Okla.,

20  498 U.S. 505, 509 (1991) ("Suits against Indian tribes are thus barred by sovereign

21  immunity absent a clear waiver by the tribe or congressional abrogation.") (emphasis

22  added).  The CBA—which, again, Respondents concede they agreed to—provides:

23  ///

24  ///

25  ///

26  _____

27  [5] Respondents framed the issue differently in their Answer, arguing that they are not "employer[s] within the meaning of the LMRA."  Answer at ¶¶ 3, 4.  In the event that the Respondents in fact intended to assert a definitional argument, their argument is unpersuasive:  Respondents have conceded they own

28  and operate the Casino and that Wood and Pitman "were employed at [the] Casino on the dates alleged." Id. at ¶¶ 3, 12 (emphasis added).

1
2
3
4

> For the sole purpose of enabling a suit to compel arbitration or to confirm an arbitration award under this Agreement or the Employer's Tribal Labor Relations Ordinance, the <u>Employer agrees to a limited waiver of sovereign immunity and consents to be sued in federal court</u>, without exhausting tribal remedies.

5   Pet., Exh. A at 17 (emphasis added).  There is no indication that Respondents entered

6   into this unequivocal waiver involuntarily.  <u>See White v. Univ. of Cal.</u>, 765 F.3d 1010,

7   1025-26 (9th Cir. 2014) ("A voluntary waiver by a tribe must be unequivocally

8   expressed.") (internal quotation marks omitted).

9          Contrary to Respondents' suggestion, the United States Supreme Court's recent

10  decision in <u>Michigan v. Bay Mills Indian Community</u>, 134 S. Ct. 2024 (2014), does not

11  compel a different result.  In fact, that opinion reconfirmed that an Indian tribe may waive

12  its sovereign immunity:  "we have time and again treated the doctrine of tribal immunity

13  as settled law and dismissed any suit against a tribe absent congressional authorization

14  or a waiver." 134 S. Ct. 2030-31 (internal quotation marks, brackets, and parentheses

15  omitted); <u>see also id.</u> at 2035  ("[I]f a State really wants to sue a tribe for gaming outside

16  Indian lands, the State need only bargain for a waiver of immunity.").

17         Because Respondents unequivocally waived their sovereign immunity—at least

18  for the purpose of enabling a suit to confirm an arbitration award—the Court need not

19  determine whether the LMRA abrogates tribal sovereignty.[6]  Accordingly, the Petition

20  does in fact state a claim for relief, and Respondents' first affirmative defense does not

21  preclude judgment on the pleadings.

22                    **2.  Respondents' Second Affirmative Defense**

23         Respondents' second affirmative defense is that "the Court lacks subject-matter

24  jurisdiction over Respondents as there is no 'federal question' properly raised in the

25  [P]etition."  Answer at 4.  But this Court has original jurisdiction over all civil actions

26

27          [6] <u>Cf. Bodi v. Shingle Springs Band of Miwok Indians</u>, 19 F. Supp. 3d 978, 988 (E.D. Cal. 2014) ("Given that the court has found that the Tribe waived its sovereign immunity through removal, it need not assess the extent to which Congress may have abrogated tribal immunity in enacting the FMLA."), <u>appeal filed</u>, No. 14-16121 (9th Cir. June 11, 2014).

28

1    arising under the laws of the United States.  See 28 U.S.C. § 1331.  Because the LMRA

2    is a federal law, this Court has subject-matter jurisdiction by way of federal question

3    jurisdiction.

4         Respondents emphasize that the CBA provides that the Tribal Labor Relations

5    Ordinance—a California Law—"is the applicable law with regard to labor relations within

6    the jurisdiction of the Employer."  Answer at 4.  The accuracy of that statement, however,

7    does not divest this Court of subject-matter jurisdiction in this case.  And, as previously

8    noted, Respondents consented to be sued in federal court, at least for the purpose of

9    confirming an arbitration award.  Pet., Exh. A at 17.

10        Accordingly, the Court has subject-matter jurisdiction and Respondents' second

11   affirmative defense does not preclude judgment on the pleadings

12                   **3. Respondents' Third Affirmative Defense**

13        Respondents' third affirmative defense is that Petitioner has failed to join an

14   indispensable party "including, but not limited to, the Tribal Gaming Commission (TGC)."

15   Answer at 4.  But Respondents have not provided any factual allegations in support of

16   their conclusory affirmative defense.  See Westport Ins., 2014 WL 7185480, at *9 ("to

17   withstand [a] motion [for judgment on the pleadings], [] affirmative defenses must be

18   adequately pleaded—that is, they must contain sufficient factual matter to state a

19   defense that is plausible on its face") (internal quotation marks omitted).  Additionally, the

20   arbitrator's decision undermines Respondents' claim that TGC is an indispensable party.

21   See Pet., Exh. B at 12 ("The Tribes uses the TGC in efforts to evade is contractual

22   obligations under the CBA . . . .") and 12-13 ("TGC is not an independent operation.

23   Rather, TGC's operations are subject to review and oversight by the Tribe through its

24   Tribal Council.").  Respondents' third affirmative defense does not preclude judgment on

25   the pleadings.

26                   **4. Respondents' Fourth Affirmative Defense**

27        Respondents' fourth affirmative defense is that the arbitrator's decision "is invalid

28   and unenforceable as it is beyond the scope of his authority pursuant to section 29,

1  paragraph 3e of the [CBA]."  Answer at 5.  This affirmative defense is not adequately
2  pleaded, as Respondents have not identified which part of the arbitrator's decision runs
3  afoul of the CBA.  See Westport Ins., 2014 WL 7185480, at *9.  Moreover, as previously
4  explained, the Court finds that the arbitrator's decision is a plausible interpretation of the
5  former.  Respondents' third affirmative defense does not preclude judgment on the
6  pleadings.

7  **5.  Respondents' Fifth and Sixth Affirmative Defenses**

8  Respondent's fifth affirmative defense is that the arbitrator "acted outside his
9  jurisdiction and in violation of the Indian Gaming Regulatory Act."  Answer at 3.
10  Respondents' sixth affirmative defense is that the arbitration award is subject to the
11  Indian Gaming Regulatory Act and "is therefore invalid."  Id.  Again, Respondents fail to
12  provide any specific supporting information, such as what exactly the arbitrator did in
13  violation of the Indian Gaming Regulatory Act.  Additionally, Respondents fail to
14  appreciate that arbitration before an arbitrator of the Federal Mediation and Conciliation
15  Service was the procedure that they agreed to in the CBA.  Accordingly, Respondents'
16  fifth and sixth affirmative defenses do not preclude judgment on the pleadings.

17  **6.  Respondents' Seventh Affirmative Defense**

18  Respondents' seventh affirmative defense suggests that the dispute must "be
19  returned to arbitrator Halter to determine compliance with his award."  Answer at 5.
20  Respondents explain that they and Petitioner agreed that the arbitrator would retain
21  jurisdiction over the case to calculate damages, and that the calculation has not
22  occurred.  But, even assuming that the arbitrator has not calculated the damages in the
23  six months since Respondents filed their Answer, "the arbitrator need not complete the
24  mathematical computations of the award for the award to be final and reviewable."
25  Millmen Local 550 v. Wells Exterior Trim, 828 F.2d 1373, 1377 (9th Cir. 1987).
26  Accordingly, the arbitration award is final and reviewable, and Respondents' seventh
27  affirmative defense does not preclude judgment on the pleadings.
28  ///

**7.  Respondents' Eighth Affirmative Defense**

Respondents' eighth affirmative defense is that there is neither statutory nor contractual authority supporting Petitioner's request for attorneys' fees in this case. Although not cited in Petitioner's filings, the Ninth Circuit has held that a prevailing party in an action challenging a labor arbitration award may receive attorneys' fees if the losing party "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." Virginia Mason Hosp. v. Wash. State Nurses Ass'n, 511 F.3d 908, 917 (9th Cir. 2007) (quoting Sheet Metal Workers' Int'l Ass'n, 84 F.3d at 1192).  Petitioner did not address Respondents' eighth affirmative defense in either its Motion or Reply, nor has it made any allegation of bad faith.  Nevertheless, because the affirmative defense is a question of law, it does not preclude judgment on the pleadings.

**B.  Respondents' Opposition to Petitioner's Motion**

In their Opposition to the Petitioner's Motion, Respondents argue that the Petition "is not properly before the Court" for four reasons:  (1) there is no federal question jurisdiction; (2) the parties by choice of law have agreed that state law is controlling in this matter; (3) the arbitration proceedings are not complete; and (4) the Court should take this matter off calendar and hold it in abeyance because Respondents' operations are currently closed pursuant to a preliminary injunction issued by the Court.  The Court has already addressed and rejected the first three of these arguments, and the Court is not persuaded by the fourth.  Although the Court has issued a preliminary injunction order that restrains operation of the Casino, the order makes an exception for "[p]ayments in the ordinary course of business."  California v. Picayune Rancheria of Chuckchansi Indians of Cal., Case No. 1:14-cv-01593-LJO-SAB, ECF No. 48 at 9 (Oct. 29, 2014).  Respondents' compliance with the arbitration award falls within that explicit exception.

///

///

///

10

1

**CONCLUSION**

2

3          For all of the foregoing reasons, Petitioner's Motion for Judgment on the

4   Pleadings (ECF No. 11) is GRANTED.  The arbitration award is hereby confirmed and

5   enforced.  The Clerk of the Court is hereby ordered to enter judgment for Petitioner and

6   to close this case.

7          IT IS SO ORDERED.

8   Dated:  March 27, 2015

9

10

11   _____
     MORRISON C. ENGLAND, JR., CHIEF JUDGE
12   UNITED STATES DISTRICT COURT

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28